Good morning, Your Honors. You're Mr. Fork. It's Michael Tracy appearing for Appellant Jonathan Sultan. Okay, yeah, Mike Tracy. Right. Okay, go ahead. Thank you, Your Honor. There's basically three issues here. The Rule 68 judgment, regular rate of payoff for unpaid overtime, and class certification. On the Rule 68 issue, it's really much simpler than maybe even my briefs and certainly Appellee's Medtronic briefs. Let me ask you a question. You only had one name plaintiff? Yes, Your Honor. In this case, there was only one name plaintiff. There's another name plaintiff proceeding in a similar case currently in the district court that stayed pending the result of this. But in this case, there's just the one name plaintiff. I mean, doesn't the case basically turn on how we read the language of Paragraph 5 of the October 17, 2012 judgment that was entered by Judge Fitzgerald? I mean, I have a question as to whether we even have jurisdiction to hear this case. Right. That's the Rule 68 judgment. I don't think it necessarily turns on that language because it turns on what that document is. And that document is simply an entry of judgment. Had that judgment been entered after a jury, let's say Mr. Salter went to trial and he prevailed, he would have been given the exemption. Well, it incorporates the language of Medtronic's Rule 68 offer. And then says the total amount paid by defendant is paid on account of any liability claimed in this action, including all costs of suit, interest, and attorney's fees, otherwise recoverable in this action by plaintiff. And as Judge Pregerson just clarified, there's only one plaintiff, even though he seeks to be named as the putative representative of the class, but class certification was denied. So what's left for Mr. Sultan in light of the 18,000 that he, actually 19,000 that he accepted under the offer of judgment? The issue for Mr. Sultan is the class certification issue. That's not responsive to my question, Mr. Tracy. What interest does Mr. Sultan have left in the action in light of the 19,000 that he took in exchange for the wording of the offer of judgment? He would have an interest in proceeding on a class-wide basis in order to... But he took 19,000 for any liability claimed in the action. So there may be other unknown potential class plaintiffs that could recover down the road, but not Mr. Sultan. But that would be the same thing, Your Honor, if the jury had awarded him that money. If the jury had awarded him that money, that would have been as a result of all claims in this lawsuit. The whole thing just sounds sort of weird. You've got one member of the class, and that person, his case is dismissed. The matter was dismissed. He settles for 18,000, and that includes some attorney's fees. And the settlement includes any liability in this action. What is there that's left? Did you forget something when you settled this case? Did you think about the fact that if he settles out and releases the other side from any liability, that you don't have a live person that can act as class representative? I've never seen anything like this. Well, yes, Your Honor, that's why there was no settlement agreement, and the case was not dismissed. A judgment was entered, and generally this court hears... But what's left? Judgment is entered. He waives any liability. Well, yes, Your Honor, to answer both your questions directly, there's the 12B-6. He had additional claims for unpaid overtime that in this appeal we claim were improperly dismissed at the onset of the lawsuit. Were they stated in his action? Excuse me, Your Honor? Were they stated in the complaint? Oh, yes, Your Honor, there was a... They were stated in the action. So this says any liability claimed in this action. Those were part of the claims in the action. I think you're quite right that the class action can be pursued by another plaintiff if he's a proper representative of the class and the class is a good class. But Mr. Sultan has no interest any longer because all his claims, any liability claimed in this action, were merged in the judgment. Were they not? That's the term of the issue, whether it was all claims pending in this action or all claims that had been raised but had previously been dismissed by the court. Well, did you read this over before your client signed it? Yes, Your Honor, but based on Avon, which is a then very recent holding of this court, this court held that you don't waive your right to appeal denial of class... Well, I don't read Avon that broadly. I read Avon to say that if you were trying to preserve some other additional claims, it was incumbent upon you to make it clear to the court that this was a partial settlement that was conditional upon pursuing whatever other claims you wanted to pursue. But there's no evidence that that was done here. Well, there is evidence of that, Your Honor, and that was in our opposition. They had visually brought this as a motion, and in particular, there was some parole evidence about the discussions between the parties. But whatever those were, the judge in this case sent an email out saying, do you agree with the language of the defendant's proposed judgment? And you sent an email back saying, yes, I do. So whatever those earlier discussions and negotiations were, you agreed for your client that any claim was merged in the judgment, any claim of Mr. Sultan, not any other member of the class, but any claim of Mr. Sultan. So Mr. Sultan has no standing to represent the class, does he? If so, please tell me what interested Mr. Sultan survives this judgment? Your Honor, he's appealing this judgment so that this judgment would be overturned and null and void. So we get that all the time with people who plead guilty and seek to appeal from a guilty plea. So that doesn't mean that they've got anything to appeal from. Right. But if they did have something to appeal from, and here Mr. Sultan has. My question to you is what interest does Mr. Sultan preserve from this judgment? He has a financial interest in getting additional sums claimed under the dismissed claims that were not part of that lawsuit when the case was – when the judgment was entered. Well, was this disclosed to the other side? It wasn't. Yes. Because why didn't – why didn't this release cover that subject? You know, release you from any liability except – Well, it said all liabilities claimed. In this action. And as you responded to Judge Bea, those claims were originally claimed in this action. I mean, why didn't you respond to the district court's email when he sent you the proposed judgment by saying, just a minute, Your Honor. We're reserving some claims here. This is not a complete settlement of all of Mr. Sultan's claims. That's all you had to do. But you didn't do that. Yes, Your Honor. I don't think it's incumbent on the person who won. The Rule 68 is quite clear that the judgment is – that the judge really should not have sent that email. The judge was required to enter the judgment in terms of – Well, if you didn't think that the judgment incorporated all of the terms of the settlement, why didn't you then move to alter or modify the judgment within the time set under the Rules of Civil Procedure so that you could raise that issue with the court? You didn't do that. Because there was no settlement. There was only an offer of judgment and an entry of judgment. Which you agreed to by the email. That's – I'm having a problem granting you relief. I mean, it's almost invited error at this point. It wouldn't – there was no error because a judgment normally is appealable from. There's no – and they haven't cited any precedents. But what are your grounds for appeal if you agreed to the form of the judgment? That's where I'm having concerns about whether or not we have an invited error situation. It would be no different than if he went to a jury trial and won on all of his claims. You can still appeal a favorable judgment because prior orders were not in your favor. And that's – that right to appeal. And your best case for that is Evan? Excuse me, Your Honor? Your best case for that is our decision in Evan? Is that your position? Yes, Your Honor, compounded by the fact that there was additional claims in this lawsuit that were previously dismissed. And the defendant enumerated what they were paying for, and they never mentioned – they didn't allocate a dime or a dollar to any other of the claims that had been – the overtime claims that had been dismissed. Had those overtime claims been mentioned in the action in the complaint? Yes, Your Honor. They were in the first amended – they were in the original complaint and the first amended complaint. And the court dismissed them on a Rule 12b-6 motion to dismiss. They were briefed by the court and adjudicated, but not to a – So why would you leave all this up in the air? I mean, it baffles me. Well, it somewhat baffles me as well because the discussions with the defendant, with Medtronic, were that they were going to enter this Rule 68 so that I could file this appeal. Medtronic doesn't benefit significantly. I mean, these issues are all pending in the district court. If the Rule 68 is binding, this case will come back up in – But the question is what do we do with Mr. Sultan? I mean, we're not in a situation where we have to worry about denying justice to what may be – and I'm not offering an opinion – a good putative class action against Medtronic. Well, Justice – Mr. Sultan took $19,000 and resolved all claims that he had against his former employer. And you got – did you get attorney's fees out of that? Yes, Your Honor. There were attorney's fees. So this would be the end of class actions. The strategy would be simple. District courts could deny – No, it wouldn't. It would just tell counsel that if you're going to accept an offer of judgment or any kind of a settlement, you better make clear that your acceptance is conditioned upon preserving certain claims that you are not accepting the settlement funds for, and you didn't do that here. Right, because, Your Honor, they had said in their Rule 68, this was a cost-shifting mechanism, and people forget that here. If Mr. Sultan had gone to jury and received less than his $18,000, Medtronics would not be coming in here and saying there were additional claims that he raised – But that's inherent in a Rule 68 offer of judgment. The rule is written in a one-sided way that either you accept the judgment or you suffer the consequences. So then no plaintiff could take a Rule 68 offer because it would waive his right to appeal. He would say – Without making it clear to the court that that offer of judgment does not resolve all claims that the plaintiff has. I mean, there's nothing to prevent a defendant from offering a partial judgment on a case and a plaintiff from accepting it. Right, but in that case, Your Honor, the Rule 68 would be worthless because it wouldn't operate as a fee-shifting mechanism. It would narrow the focus of the issue. I tell you, you're going to save us a lot of time if you'd use your head on this. Put those little words in there that are necessary. You want to save time for rebuttal? Yes, Your Honor. Two minutes left. Okay. Good morning, Your Honor. Good morning. Donald Falk for Appellee Medtronic. This case is over. Mr. Sultan agreed to a Rule 68 judgment, which the Supreme Court, despite Mr. Sultan's efforts to confuse the nature of a Rule 68 judgment. Why don't you speak up? I will speak up. Sorry, I apologize, Your Honor. That's all right. Sometimes I've kind of spoken too loud in this very microphone. Don't worry. Mr. Falk, did you draft this judgment? Our firm did, Your Honor, yes. All right. Had you read Evon before this? I assume so, yes. I don't want you to assume something. If you hadn't read it, you hadn't read it. I personally did not. But your staff had. I personally did not. Judge Fletcher was very clear in Evon saying that if you want to settle and release, according to Rule 68, class action claims, you should mention class action claims. Were you trying to slip something by here by Mr. Treacy by not mentioning class action claims? No, Your Honor. We mentioned any and all claims in this action. No, no, no. You didn't say any and all. You didn't say that. Any claims in this action. You said any liability claimed in this action, not any and all claims, not any and all claims, including class action claims. And you didn't say that this judgment was in satisfaction of any and all claims. You said it was on account. Why can't the plaintiff take the position that, well, you gave them $18,000 on account? Because this judgment applies to any liability claimed in this action, including anything, any costs or attorney's fees otherwise recoverable. This is unlike Evon or one of the other things that Judge Fletcher's opinion said. It did not expressly say you had to reserve class action or include class action claims. It said in a couple of cases, not the entire set that we cited to this Court, not the Shores case, not the Walsh case. A couple of the other cases, there had been a reference. And, in fact, in Dugas, there was a reference that said, recognizing the class cert has been denied, we settle everything. It didn't say we settle class claims. It said we settle the case. And Dugas said if you don't reserve something like class, the right to appeal a class claim, it is gone. In Evon, the Court found that, first, there was no, nothing like all, no all claims, any claims, no global settlement and release in that case, which I think is a sensible distinction. You didn't have anything to do with negotiating this, did you? Am I wrong about that? Did I personally know that? Yeah, personally. Personally, I did not, Your Honor. So what good are you here today? We'd like to find out what happened. I mean, if it was a matter of whoever negotiated this understood. Understood that it was just a little $18,000 deal here. And the rest of it was okay. No, I mean, you weren't privy to any of those conversations? I know what's in the record, Your Honor. And that's what this Court should be deciding this case on. And the record here does not... No, no, don't tell me how to decide a case. I'm asking you. I... I mean, this whole thing is getting weirder and weirder and weirder. I would not disagree with that, Your Honor. Well... I'm not a witness in the case. But I can say that there is, unlike Evan, where there was a Rule 68 offer that was rejected, which was a perfect opportunity the plaintiff had here to reject the offer. In fact, most of these cases dealing with whether you can appeal class certification come in the context of rejected offers, where a court has found the action was nonetheless moved. He had that option. He could say, no, I won't take this offer. I want this language instead. But instead, he accepted the offer that was there. And there is no evidence. He said in a declaration that he told a mediator that he would like to preserve appeal. There's no evidence, A, that that was conveyed. And, indeed, that type of evidence is supposed to be part of... So there was no correspondence in the record or e-mail exchanges between Mr. Tracy and the lawyers of your firm who drafted the offer of judgment, wait a second, I want to preserve my right to challenge the class certification decision. There's nothing like that, Your Honor. There is an offer. There is an acceptance. There is, in front of the court... No, no, no. There's an offer and there was an acceptance in different language. And the acceptance was, we accept the offer if the judgment reads in favor of plaintiffs. And you didn't like that. So you said, no, we won't go with that. So in classic parlance, there was an offer and a counteroffer. A counteroffer is not an acceptance. Now, at that point, the judge intervened and said, do you want the defendant's judgment or not? And at that point, there was a withdrawal of the counteroffer and there was an acceptance of the prior offer. Is that correct? There was certainly, to the extent the acceptance could be viewed as a counteroffer. Well, you don't know. You don't know because you weren't part of this negotiation. Well, that's all part of the record, isn't it? Well, the record, no. What Judge Baez is asking about is all part of the record. We said, no, that's not our offer. You can't accept what isn't our offer. He said, okay, I'll take your offer. And so he had... So my question goes back to you. Why can't this fifth paragraph be read that you're paying $18,000 on account of any liability? Like, you know, you're making a partial payment. I don't think. Well, with respect, Your Honor, I don't think that's a natural reading of a release of any liability claimed in this action, including any attorneys otherwise recovered. I don't see the word release is here. Do you? You say release. Where's the word release? The word release is not there. Well, then don't, let's not discuss. This isn't a release. This isn't a settlement. This is a judgment. With respect, Your Honor, the Supreme Court of the United States in Merrick v. Chesney, where it looks at Rule 68 in depth, uses the word settlement at least ten times. And it says, it talks about Rule 68 settlements and talks about the policies favoring settlement. It says that's what Rule 68 is all about. Mr. Tracy has come up with a new somatic argument that goes in some other direction. But the Supreme Court, which is, you know, responsible for drafting the rule, says that this is about settling claims. And when something says it is on account of any liability claimed in this action. Are you reading on account of to mean because, not in partial payment? Certainly not in partial payment. It is. Because of. Because of. And encompassing. I think I would say, read it to say encompassing, Your Honor. Or because of, as I think gets you to the same place. This is not the situation where an offer was rejected and a different offer came back. At best, Mr. Sultan attempted to accept an offer that wasn't made. That was noticed. And we said, that's not our offer. This is our offer if there's a judgment and an acceptance that's under the offer we made, not the one we didn't make. And he said, okay, we'll take the offer you made. And that offer leaves nothing left, leaves nothing in this case. Okay. I think the last point I would make, and I'm happy to answer any questions about any other parts of the arguments in the briefs. But I think the last point I would make is that when a settlement is broad and doesn't carve anything out, and there isn't anything inferrable from the record that would suggest that the final Rule 68 judgment is somehow narrower than what it appears to say any liability claimed in this action, including attorney's fees otherwise recoverable, which is often the hook for class plaintiffs to say that they have a continuing interest, but that interest is gone, this court would be the first to say that an unqualified Rule 68 judgment would nonetheless provide some continuing standing to appeal class certification or anything else. If there are no further questions. I don't have anything more. Thank you. Well, is it your position that that settlement also killed the class action? Excuse me, Your Honor. Did the settlement also kill the class action? Yeah. It killed any action that Mr. Sultan wanted to bring. Any other plaintiff, of course, was totally free to bring a class action with the benefit of the tolling rule of American Pipe. And apparently in this case someone has done that. But Mr. Sultan's interest was gone, and he can't carry the water anymore. If there's any rebuttal to that, Your Honor, I just want to draw your attention to the record in which the opposition – there was a motion to dismiss in this case initially filed in my opposition, and in there there's my declaration, which is on the record here, which clearly outlines that the parties did discuss the Rule 68 settlement mechanism as an efficient mechanism for the parties to resolve the individual issues in this case. There was really no reason for a jury trial here. There wasn't – I understand there was a summary judgment and there were disputed facts, but – But why didn't you make that clear to the district court when the district court asked you if you agreed to the terms of the proposed Rule 68 offer? There's nothing in the 68 offer that precludes us under a bond or specifically a bond. But there's nothing that preserves us. I mean, the problem is that you want us to extend the holding in Evan to, in essence, I guess your default position would be if it's not addressed at all, then it's preserved. And I think that that overreads Evan. I think that Evan says because in that case the original offer was rejected by the plaintiff and the court could look at parole evidence in order to determine what the true contractual intent was between the parties. Here you're trying to use parole evidence to alter the terms of the judgment. There's nothing ambiguous in that language as we've discussed. And I think even under California's more liberal parole evidence rules that you would not be allowed to admit that evidence in the face of clear language. I don't think the language isn't clear because it doesn't say release of class act or release of any liability. It just says defendant's paying an amount and that amount is paid. Well, it says more than that. It says is paid on account of any liability claimed in this action. And, I mean, true, it doesn't use the term I hereby release all known, unknown, and future claims that I may have had, currently have, or might have in the future. But if you're releasing or if you're taking the $19,000 on account of any liability claimed in the action, that's pretty clear to me. I think it's easier to analyze as assuming that their offer had said, and this specifically waives any appeal that you have in this matter, and Mr. Sultan had rejected that offer and said, I want my right to appeal, and he goes to trial. There's no way Mr. Sultan could beat this offer. So, essentially, we've created a simple mechanism for defendants to eliminate the class action because if you lose class certification, they can offer you everything that you do but refuse your right to appeal. But how big a burden is it to put on the plaintiff who seeks to be named as the putative class representative and who is now trying to revive the dismissed class certification ruling to say that? But in my hypothetical, Your Honor, he's rejecting it. The defendant just says you waived your right. He says, well, I want my right, so we can't settle the case. Mr. Tracy, I'd be with you if you hadn't said to the district court, I accept the offer of judgment. But that's – you didn't say accept that. I want to preserve my right to challenge your prior order. Which would be no different frequently at the end of a jury trial. A judge will ask you if you agree to the judgment based on the jury verdict. Agreeing to that judgment does not waive your right to appeal. It simply says that that's what the jury said and you're going to preserve your right to appeal. Well, that gets back to my question of then why didn't you ask for clarification in a post-judgment motion? Because under Yvonne, Your Honor, there was no reason to. It was – one, it was – the parties had discussed this. So from – I understand that coming here like, gee, Mr. Tracy's a moron. But the parties – That's not what I'm saying. I'm not casting aspersions on you personally. I'm just trying to figure out what a reasonable rule of law should be and who should bear the burden of making clear what the terms of the settlement are. I mean, you're asking us to read a term into the judgment that isn't there and wasn't raised with the judge when the judge said, do you agree to the proposed form of order? But the evidence here is that the parties had these discussions and it makes sense that parties that are – the big battle in this case was on the class issues. And then there's this small settlement for the class claims. There's a declaration saying that this Rule 68 had been discussed. When this Rule 68 was presented, it was logical to assume that the parties were simply engaged in an efficient litigation strategy to get the meat of this case up on appeal because parties can't stipulate to an appellate jurisdiction. There would be no way – there's no efficient way for parties to agree to appeal other than a Rule 68 offer of judgment. And so it looks like that's what the parties – Did you do that? No, we could have taken the – there was – we could have taken the discretionary appeal on the Rule 23 issue. Given there was also the 12B6 issue, that would only result in potentially piecemeal appellate. We'd appeal the Rule 23 and then we'd have to come back and maybe do a 54B on the 12B6. But you didn't ask the district court for that relief at the time that the ruling was made dismissing the class? No. Okay. Okay. Thank you. Thank you very much. This matter will stay and submit it. Now we come to Joshua Ramsey v. National Association of Music Merchants and others.
judges: Pregerson, Tallman, Bea